NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BERT I. LACROIX,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2024-2340

---

Petition for review of the Merit Systems Protection Board in No. NY-0842-19-0090-I-1.

---

Decided:  May 8, 2025

---

BERT I. LACROIX, Silver Spring, MD, pro se.

CORINNE ANNE NIOSI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before LOURIE, DYK, and REYNA, *Circuit Judges*.

PER CURIAM.

Bert I. LaCroix appeals pro se a final decision of the Merit Systems Protection Board. For the following reasons, we affirm.

## BACKGROUND

Mr. LaCroix previously served in the Department of the Army ("agency") from 2004 until his resignation in August 2016. SAppx2.[1] In October 2016, Mr. LaCroix emailed the agency requesting law enforcement officer retirement coverage under the Federal Employees Retirement System ("coverage") for his time spent from approximately March 18, 2007, through approximately August 19, 2015, assigned to the Joint Terrorism Task Force of the Federal Bureau of Investigation ("task force"). *Id.* On February 5, 2019, the agency denied Mr. LaCroix's request in part based upon untimeliness. *Id.*

Mr. LaCroix appealed the agency's denial to the Merit Systems Protection Board ("Board"). The Administrative Judge ("AJ") assigned to Mr. LaCroix's Board appeal issued an initial decision reversing the agency's decision. SAppx3. The AJ ruled that Mr. LaCroix's October 2016 email was a timely request for coverage under the governing regulation, 5 C.F.R. § 842.804, and Mr. LaCroix had shown by a preponderance of the evidence that he qualified for coverage from March 18, 2007, through August 19, 2015. *Id.*

The agency filed a petition for review with the Board. The Board granted the agency's petition for review, reversed the AJ's ruling that Mr. LaCroix's request for coverage was timely, and vacated the AJ's analysis of whether Mr. LaCroix otherwise qualified for coverage. SAppx1–2. The Board ruled that Mr. LaCroix's October 2016 email

---

[1] "SAppx" refers to the appendix accompanying the government's responsive brief.

was not a timely request for coverage under 5 C.F.R. § 842.804. SAppx5–6. Specifically, the Board ruled that § 842.804(c) requires employees such as Mr. LaCroix to "formally and in writing" request coverage "within 6 months after entering the position or after any significant change in the position." *Id.* The Board further ruled that Mr. LaCroix was required to submit a formal request in writing within six months of his March 18, 2007, significant change in position, i.e., the start of his task force assignment. *Id.* As such, Mr. LaCroix's October 2016 email was untimely, and the Board determined there was no indication in the record that Mr. LaCroix otherwise made a timely formal written request. SAppx5–7. The Board determined Mr. LaCroix failed to show good cause for his untimeliness and thus declined to excuse his untimeliness. SAppx7–8.

Mr. LaCroix appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## STANDARD OF REVIEW

Our review of Board decisions is limited. 5 U.S.C. § 7703(c). We set aside a Board decision only when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Id.*

## DISCUSSION

A claimant seeking law enforcement officer retirement coverage under the Federal Employees Retirement System bears the burden of proving entitlement by a preponderance of the evidence. *Watson v. Dep't of the Navy*, 262 F.3d 1292, 1298 (Fed. Cir. 2001). An employee in a non-law enforcement officer designated role who nonetheless believes his role should be so designated must "within 6 months after entering the position or after any significant change in the position, formally and in writing seek a determination

from the employing agency that his position is properly covered by the higher withholding rate" applicable to law enforcement officer roles. 5 C.F.R. § 842.804(c). If an employee fails to make such a request for a determination or show good cause for their failure to do so, the agency's determination about the designation of the role will be deemed conclusive and nonreviewable by the Board. *Bingaman v. Dep't of the Treasury*, 127 F.3d 1431, 1441 (Fed. Cir. 1997).

Mr. LaCroix argues that the Board erred in ruling that he did not timely request coverage, i.e., within six months of March 18, 2007. Appellant Informal Br. 4. Specifically, Mr. LaCroix argues that the Board's statement that the record is "devoid of any indication" that he made a timely written request is "factually incorrect" because he previously submitted a sworn statement in response to a motion to dismiss. *Id.* at 4–5. In his statement, Mr. LaCroix explained that he emailed a request for reclassification of his position from GG-0132 to GS-1811 by July 2007 and that he was unable to provide said email because it was sent on a secured email system and contained national security information. *Id.*

The Board's ruling that Mr. LaCroix failed to carry his burden to prove that he complied with 5 C.F.R. § 842.804(c) is supported by substantial evidence. The record does not contain a formal request for coverage, in writing, from within six months of March 18, 2007. *Id.* at 5; Appellee Informal Br. 8. The Board considered and rejected Mr. LaCroix's argument that he nonetheless informed the agency in 2007 that he believed he was entitled to coverage, ruling that the agency's general awareness of Mr. LaCroix's beliefs does not satisfy the formality requirements of 5 C.F.R. § 842.804(c). Further, the Board ruled that Mr. LaCroix failed to provide evidence that he otherwise satisfied the formality requirements of 5 C.F.R. § 842.804(c). Mr. LaCroix's sworn statement that he submitted a written request for reclassification by July 2007 does not render the

Board's decision unsupported by substantial evidence. Mr. LaCroix did not rely on his sworn statement at the petition for review stage. In any event, his sworn statement that he requested reclassification rather than seeking a determination that that his position is properly covered by the higher withholding rate does not render the Board's decision that Mr. LaCroix failed to carry his burden of proof unreasonable.

## CONCLUSION

We have considered Mr. LaCroix's remaining arguments and find them unpersuasive. For the reasons stated, we affirm.

**AFFIRMED**

## COSTS

No costs.